UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF ARKANSAS
Little Rock Division

CATHERINE L. TAYLOR,

    Plaintiff,

Versus

Civil Action No.

**4-06 CV0●●● 496 GTE**

EQUIFAX INFORMATION SERVICES, L.L.C.,
CHOICEPOINT WORKPLACE SOLUTIONS,
INC., KNOWX, L.L.C., A CHOICEPOINT
COMPANY, and CHOICEPOINT, INC.,

    Defendants.

This case assigned to District Judge _____
and to Magistrate Judge _____

JURY DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes CATHERINE L. TAYLOR, Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against Defendants, jointly, severally and in solido, as set forth in the following complaint, as follows:

### PLAINTIFF

1.

Plaintiff, CATHERINE L. TAYLOR, is a major domiciliary of Benton, Saline County, Arkansas, and a victim of false credit reportings by defendants.

### DEFENDANTS

2.

Made Defendants herein are:

[a]    EQUIFAX INFORMATION SERVICES, L.L.C., which may also hereinafter be referred to as "EFX," a foreign corporation believed to be authorized to do and doing business in the State of Arkansas, which can be served with summons and complaint through its

registered agent for service of process: CORPORATION SERVICE COMPANY, 101 SOUTH SPRING STREET, STE 220, LITTLE ROCK, ARKANSAS 72201;

[b] CHOICEPOINT WORKPLACE SOLUTIONS, INC., which may also hereinafter be referred to as "CPWS," a foreign corporation believed to be authorized to do and doing business in the State of Arkansas, which can be served with summons and complaint through its registered agent for service of process: CORPORATION SERVICE COMPANY, 101 SOUTH SPRING STREET, STE 220, LITTLE ROCK, ARKANSAS 72201;

[c] KNOWX, L.L.C., A CHOICEPOINT COMPANY, which may also hereinafter be referred to as "KNOWX," a foreign corporation believed not to be authorized to do but doing business in the State of Arkansas, which can be served with summons and complaint at its headquarters: 3535 Briarpark Dr., Ste. 1, Houston, Texas 77042;

and

[d] CHOICEPOINT, INC., which may also hereinafter be referred to as "CPI," a foreign corporation believed not to be authorized to do but doing business in the State of Arkansas, which can be served with summons and complaint at its headquarters: 1000 Alderman Drive. Alpharetta, Georgia 30005.

**JURISDICTION OF THE COURT and VENUE**

3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. 1331. Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. 1332. Plaintiff also asserts actions under states' laws which may be brought within the

supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. Venue is proper in this District as the Defendants reside in this judicial district. 28 U.S.C. 1391(b),(c).

## REQUEST FOR TRIAL BY JURY

4.

Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the Fair Credit Reporting Act and/or states' laws, including Arkansas.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

6.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

## GENERAL FACTUAL BASIS

7.

In December, 2005, Plaintiff was approached about a job in her specialized area of expertise and was asked to apply for the accounting position with the American Red Cross of Greater Arkansas.

8.

The American Red Cross of Greater Arkansas advised plaintiff that a background check was required including a criminal records check to see if any such records existed.

9.

Plaintiff consented to the investigation and knew that she had no criminal record or other adverse record which would impede obtaining the position.

10.

In early January, 2006, the American Red Cross of Greater Arkansas requested a consumer report regarding plaintiff from KNOWX, a company owned and operated by CPI and EFX.

11.

In turn, KNOWX requested information regarding plaintiff from CPWS, a consumer reporting agency.

12.

In turn, the actual data regarding plaintiff was compiled and a consumer report was prepared by CPWS, EFX, and CPI from its database records.

13.

CPI, EFX, and CPWS utilize KNOWX as a reseller of credit data and "front man" entity to sell its reports to employers and other persons.

14.

Defendants, collectively, prepared, compiled and published a consumer report to American Red Cross of Greater Arkansas, located at 401 South Monroe, Little Rock, Arkansas.

15.

Defendants knew that plaintiff as the subject of the inquiry by the American Red Cross of Greater Arkansas, located at 401 South Monroe, Little Rock, Arkansas, because the American Red Cross of Greater Arkansas, provided KNOWX and CPWS, directly, and CPI and EFX, indirectly, the personal identifiers of plaintiff, including her name, address, date of birth, and other identification data required for their report compilation and preparation.

16.

In turn, KNOWX provided CPI, EFX, and CPWS the plaintiff's personal identifiers and CPI, EFX, and CPWS compiled, prepared and published the consumer report regarding plaintiff to KNOWX and the American Red Cross of Greater Arkansas, located at 401 South Monroe, Little Rock, Arkansas.

17.

The consumer report prepared and published by defendants to the American Red Cross of Greater Arkansas, was chock full of false criminal records data and defendants attributed those criminal records to plaintiff.

18.

In the inaccurate consumer report, defendants claimed that plaintiff had been convicted of multiple crimes, primarily felonies: Possession of Controlled Dangerous Substances [Docket No. 1997CR04334 - Cook County, Illinois]; Possession With Intent to Distribute Controlled Dangerous Substances [Docket No. 1997CR09291 - Cook County, Illinois]; Possession of Controlled Dangerous Substances [Docket No. 1999CR20204 - Cook County, Illinois]; Theft/Deception [Docket No. 2003CR27516 - Cook County, Illinois]; Theft [Between $300 and $10,000] [Docket No. 17R757827886 - Illinois], and Felony Warrant [Docket No. 051143029].

19.

The inaccurate consumer report alleged that plaintiff had been repeatedly incarcerated after being found guilty of the aforementioned crimes.

20.

The American Red Cross of Greater Arkansas denied plaintiff employment based solely on the inaccurate consumer report prepared and published by defendants.

21.

On January 13, 2006, plaintiff wrote a detailed dispute letter to CPI and CPWS, through its reinvestigation department, and contested the various items of false information, including inaccurate personal identifiers reported by defendants.

22.

CPI and CPWS failed to conduct any reinvestigation and merely sent plaintiff a copy of their data files which continued to contain the false and damaging criminal record information.

23.

Plaintiff's consumer report data files have persisted in containing the false and contested data and as defendants prepare and publish reports about plaintiff, those reports continue to contain the false and defamatory criminal record items.

24.

Plaintiff suffered adverse action and damages due to defendants' violations of the FCRA and state laws.

25.

CPI, EFX, and CPWS are consumer reporting agencies as defined in the Fair Credit

Reporting Act. 15 U.S.C. 1681a.

26.

KNOWX is a consumer reporting agency and a reseller of consumer reports as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

27.

Defendants prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

28.

CPI, EFX, and CPWS allow their credit reporting database, which takes in, warehouses, maintains and manipulates data they compile and receive from other furnishers, to be accessed by their resellers and subscribers.

29.

CPI, EFX, CPWS, their resellers [like KNOWX] and other subscribers have access to consumer reports, from the same data pool, in the same database, and CPI and CPWS have duties to each consumer, including plaintiff, about whom they report, as provided in the Fair Credit Reporting Act.

30.

CPI and CPWS failed to properly reinvestigate plaintiff's disputes and continued to prepare and issue false consumer reports.

31.

CPI and CPWS misrepresented information to plaintiff and further concealed information from plaintiff.

32.

CPI and CPWS chose to continue to prepare and publish false consumer reports about plaintiff.

33.

CPI and CPWS took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

34.

Defendants failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare such reports.

35.

CPI and CPWS failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

36.

CPI, EFX, and CPWS have continually added, stored, maintained and disseminated personal and public records information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

37.

Defendants, through their fault, as described herein, caused great and irreparable injury to

Plaintiff herein.

38.

Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, state[s'] laws and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act.

39.

Further, by violating the FCRA and using unreasonable procedures for data accuracy, defendants likewise breached their contractual duties.

## COUNTS

### COUNT 1 - NEGLIGENCE - ALL DEFENDANTS

40.

Defendants owed duties of reasonable care to plaintiff.

41.

Defendants failed to exercise reasonable care and prudence in formulating a proper data matching program, the reporting the disputed public records items, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which consequently caused damaged plaintiff.

### COUNT 2 - DEFAMATION - ALL DEFENDANTS

42.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

43.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

44.

CPI and CPWS were notified of inaccuracies by plaintiff however, CPI and CPWS continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

45.

Alternatively, defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - INVASION OF PRIVACY - ALL DEFENDANTS

46.

Defendants have invaded plaintiff's privacy.

47.

Alternatively, defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

## COUNT 4 - FAIR CREDIT REPORTING ACT, 1681e[b] - ALL DEFENDANTS

48.

Defendant failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which it compiled, used and manipulated, in order to prepare consumer

reports.

49.

Defendants have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

50.

Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681e[b].

## COUNT 5 - FAIR CREDIT REPORTING ACT, 1681i[a] - CPI and CPWS

51.

Plaintiff advised CPI and CPWS of the false data and demanded that the data be removed from plaintiff's consumer reports and data files.

52.

Defendants, CPI and CPWS, failed to properly reinvestigate plaintiff's disputes and Defendants, CPI and CPWS, continued to prepare and publish false consumer reports.

53.

Defendants, CPI and CPWS, were very aware of plaintiff's disputes, as well as Defendants', CPI's and CPWS's, inadequate and illegal reinvestigations, as well as Defendants', CPI's and CPWS's, decision to leave disputed, false data as attributable to plaintiff.

54.

Defendants, CPI and CPWS, failed to use reasonable procedures to reinvestigate plaintiff's disputes and, likewise, took inadequate action to correct plaintiff's consumer reports or

delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

55.

Defendants, CPI and CPWS, failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Defendants, CPI and CPWS, and relayed for further use, reliance and publication by their subscribers.

56.

Defendants, CPI and CPWS, failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

57.

Defendants, CPI and CPWS, have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[a].

**COUNT 6 - FAIR CREDIT REPORTING ACT, 1681i[c] - CPI and CPWS**

58.

Plaintiff advised CPI and PRWS of the false data and demanded that the data be removed from plaintiff's consumer reports and data files.

59.

Defendants, CPI and CPWS, failed to properly mark the contested items in plaintiff's consumer report as contested and thereafter Defendants, CPI and CPWS, continued to prepare and publish false consumer reports without any notation concerning the disputed status of those contested items.

60.

Defendants, CPI and CPWS, were required to comply with section 1681i[c], which provides "[W]henever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.".

61.

Defendants, CPI and CPWS, have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[c].

**COUNT 7 - FAIR CREDIT REPORTING ACT, 1681k - ALL DEFENDANTS**

62.

Defendants compiled, prepared and published a consumer report for employment purposes which contained public record information and was attributed to plaintiff..

63.

In connection therewith, defendants failed in their duties under section 1681k by failing to, "at the time such public record information was reported to the user [the American Red Cross of Greater Arkansas] of such consumer report, notify the consumer [plaintiff] of the fact that public record information is being reported by the consumer reporting agencies, together with the name and address of the person to whom such information is being reported."

64.

Defendants failed in their duties under section 1681k by failing to "maintain strict procedures designed to insure that whenever public record information which is likely to have an

adverse effect on a consumer's [plaintiff's] ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported."

65.

Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681k.

## ADDITIONAL ALLEGATIONS

66.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff.

67.

Defendants' false reportings about plaintiff have been a substantial factor in causing her employment denial and other damages.

68.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, loss of employment, loss of wages and benefits, loss of advancement opportunities, costs and time in attempting to repair her consumer reports, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, punitive/exemplary damages, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon

from date of judicial demand until paid.

WHEREFORE PLAINTIFF, CATHERINE L. TAYLOR, PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants, jointly, severally and in solido, as follows:

1)  That there be Judgment in favor of CATHERINE L. TAYLOR, and against EQUIFAX INFORMATION SERVICES, L.L.C., CHOICEPOINT WORKPLACE SOLUTIONS, INC., KNOWX, L.L.C., A CHOICEPOINT COMPANY, and CHOICEPOINT, INC., Defendants, jointly, severally and in solido, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, compensatory damages, statutory damages, out-of-pocket expenses, loss of employment, loss of wages and benefits, loss of advancement opportunities, costs and time in attempting to repair her consumer reports, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2)  That this Honorable Court order the consumer reporting agencies-defendants, EQUIFAX INFORMATION SERVICES, L.L.C., CHOICEPOINT WORKPLACE SOLUTIONS, INC., KNOWX, L.L.C., A CHOICEPOINT COMPANY, and CHOICEPOINT, INC., to correct the consumer report(s), consumer files, defective matching algorithm, public records databases, data emanations, and public record histories of and concerning Plaintiff or any of plaintiff's personal identifiers and cease reporting any and all false criminal records data defendants have published about plaintiff and to provide corrective notices to third parties to whom they have supplied any information.

FURTHER PRAYS for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

**Bodenheimer, Jones & Szwak**

By: _____
**David A. Szwak, La.BR #21157**, TA
509 Market Street, 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
(318) 221-6444
FAX 221-6555
**Counsel for Plaintiff**