**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CATHERINE L. TAYLOR**                                         **PLAINTIFF**

**v.**                          **CASE NO. 4:06-CV-0496 GTE**

**EQUIFAX INFORMATION SERVICES, L.L.C.;
CHOICEPOINT WORKPLACE SOLUTIONS,
INC.; KNOWX, L.L.C, a Choicepoint Company; and
CHOICEPOINT, INC.**                                 **DEFENDANTS**

<u>ORDER</u>

Presently before the Court, is the Motion to Quash Deposition Subpoena and to Strike

Expert Designation and Interrogatories filed by Separate Defendants Choicepoint Workplace

Solutions, Inc. ("CPWS"), KnowX, LLC ("KnowX") and ChoicePoint, Inc. ("CPI") (collectively

"ChoicePoint Defendants").  Also before the Court is Plaintiff's Motion for Leave of Scheduling

Order, to Continue Trial Date, to Permit Expert Witness, and to Permit Additional Discovery.

On August 25, 2006, this Court entered its Final Scheduling Order in this case setting a

discovery deadline of December 28, 2006, a motions deadline of January 10, 2007, and a trial

date of March 12, 2007.  On December 27, 2006, Plaintiff issued deposition subpoenas to

Candace Carey, head of American Red Cross, Central Arkansas Chapter, and the Custodian of

Records for the American Red Cross, Central Arkansas Chapter, setting depositions on January

5, 2007.  ChoicePoint Defendants seek to quash these depositions because they state, "Plaintiff

did not consult with Defendants about the deposition date," the deposition is to occur beyond the

discovery deadline, and Defendants' counsel will be out of the country and not able to attend a

deposition on January 5, 2007.  Plaintiff also faxed interrogatories to the ChoicePoint Defendants

on December 27, 2006, the responses to which are due January 26, 2006, which is beyond the

discovery deadline.  On December 22, 2007, Plaintiff sent an e-mail disclosing Dr. Srini Ramaswamy as her expert, stating "I will disclose the topics and details on him in a formal disclosure."  ChoicePoint Defendants seek to strike these interrogatories as untimely and the expert disclosure as untimely and for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B).  ChoicePoint Defendants state that they are planning to file a dispositive motion on or before January 10, 2007, which will be unnecessarily delayed if discovery is re-opened and the current trial date will be in jeopardy if discovery is extended to allow for expert designations and discovery at this late date.

Plaintiff responds that in this case, she was denied a job by the American Red Cross in Little Rock because the ChoicePoint Defendants' consumer report of Plaintiff was incorrect. Plaintiff alleges that ChoicePoint Defendants' data posting procedure and match logic uses an exact match on the last name, an exact match on the date of birth, and a partial match on the first name to gather criminal records data.  Plaintiff states that the numerous felony convictions of Catherine Taylor, a career criminal from Chicago, Illinois, have been repeatedly posted by ChoicePoint Defendants on Plaintiff's consumer reports.

Plaintiff argues that her counsel attempted, several times, to set the depositions of Ms. Carey and the Custodian of Records for the American Red Cross in Little Rock ("Red Cross"), but had difficulty in obtaining an available date.  Plaintiff states that her counsel eventually obtained a date of Friday, January 5, 2007, for the deposition, which was the first available date after Ms. Carey returned form an extended holiday vacation.  Plaintiff also states that in the ChoicePoint Defendants' depositions they, in part, blamed the Cook County clerk of court, contending that the clerk would only allow access to name and date of birth information.

2

Plaintiff alleges that she has subsequently learned from the clerk's office's head administrator that the testimony of ChoicePoint Defendants was not true.  Plaintiff states that her counsel was in the process of setting the Cook County, Illinois clerk of court's deposition, when her counsel was informed of ChoicePoint Defendants' objections to further discovery.  Plaintiff seeks leave to proceed with the depositions of Ms. Carey, the Custodian of Records for the Red Cross, and the Clerk of Court administrator for Cook County, Illinois.

With regard to the interrogatories, Plaintiff argues that the depositions of the ChoicePoint Defendants did not occur until early December, and that the depositions left several questions unanswered.  Plaintiff's counsel admits that the responses will come due after the present discovery cutoff and that he erred in serving those after deposing the ChoicePoint Defendants, but states that he "felt that the discovery is better targeted at issues, post-deposition of the Choicepoint entities, rather than using the device pre-deposition."  Plaintiff seeks leave to permit those interrogatories.

Plaintiff states that her counsel "felt it would be prudent to retain an expert" "after the deposition of ChoicePoint Defendants," and therefore, consulted with Dr. Srini Ramaswamy of the University of Arkansas at Little Rock.  Plaintiff seems to acknowledge that the expert disclosures required in Federal Rule of Civil Procedure 26 should be made at least 90 days before the trial date, unless the Court directs otherwise, but states that Dr. Ramaswamy needs additional time to complete an Expert Report in this case.  There has also been some confusion surrounding the change in national counsel for Equifax Information Services, LLC.

Unfortunately, Plaintiff's counsel is out of the country until January 8, 2007, and therefore, the Court is unable to determine whether Plaintiff has any objection to a continuance

of this matter.  Furthermore, the absence of Plaintiff's counsel complicates the issue of the

Motion to Quash because if the Court denied the Motion to Quash, Plaintiff's counsel would

obviously not be able to participate in the deposition on January 5, 2007.

After careful review of the communications submitted as Exhibits A through AA, it is

clear that counsel for the parties have attempted to work together to complete discovery, but that

despite these efforts, additional time for discovery is necessary.  Such an extension necessitates

the extension of the motions deadline and a new trial date, which results in an extension of the

expert disclosures deadline.  Therefore, for good cause shown, the Court grants Plaintiff's

Motion for Leave of Scheduling Order, to Continue Trial Date, To Permit Expert Witness, and

To Permit Additional Discovery.

The Motion to Quash Deposition Subpoena and To Strike Expert Designation and

Interrogatories is granted in part and denied in part, as the Court will issue a new scheduling

order.  The Court directs that parties work together to reschedule the January 5, 2007 depositions

and set any additional depositions as soon as possible.  The Court will conduct a telephone

conference to discuss the issuance of a new Scheduling Order.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion  for Leave of Scheduling Order, to

Continue Trial Date, to Permit Expert Witness, and to Permit Additional Discovery (Docket No.

19), be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Separate Defendants' Motion to Quash Deposition

Subpoena and To Strike Expert Designations and Interrogatories (Docket No. 17), be, and it is

hereby, GRANTED in part and DENIED in part.

4

Dated this 4th day of January, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE